IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEANGELO LASHAWN FAVORS,

    Defendant.

Case No. 25-CR-277-JFH

## OPINION AND ORDER

Before the Court is a sealed Opposed Motion to Suppress ("Motion") filed by Defendant Deangelo LaShawn Favors ("Defendant"). Dkt. No. 52. The United States of America ("Government") filed a sealed Response in Opposition to Motion to Suppress ("Response"). Dkt. No. 60. For the following reasons, the Motion is DENIED.

## BACKGROUND

On August 4, 2025, Defendant was charged by indictment with six (6) counts: 1) Felon in Possession of Firearms, in violation of 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c); 2) Possession of Fentanyl with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi); 3) Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii); 4) Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii); 5) Possession of Firearms in Furtherance of Drug Trafficking Crimes, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and 6) Maintaining a Drug-Involved Premises, in violation of 21 U.S.C. §§ 856(a)(1) and (b). Dkt. No. 2. This case is set for jury trial on the Court's February 23, 2026 docket. Dkt. No. 61.

This case arises out of the issuance of a search warrant. Dkt. No. 52 at 1. Specifically, on September 19, 2024, Oklahoma Bureau of Narcotic ("OBN") Agent David Jehle submitted an

affidavit and search warrant to Tulsa County Special Judge April L. Seibert who authorized the placement and monitoring of a global positioning system ("GPS") tracking device on a 1999 Ford F250 pickup truck. *Id*. The results of the GPS monitoring were used to obtain subsequent search warrants which led to the charges against Defendant in this case. *Id*.

Agent Jehle's affidavit stated that in August 2024, he obtained information from a confidential informant ("CI") regarding a fentanyl supplier operating in the Tulsa area. Dkt. No. 52-1 at 4. The CI described the supplier as a Black male who drove a black Ford pickup truck and used a storage unit near the supplier's apartment in Tulsa to store kilogram quantities of fentanyl. *Id*. The CI provided information regarding the storage unit, the apartment, and the supplier's vehicle description and license plate number. *Id*. Agent Jehle confirmed via Google maps that the storage unit and apartment complex were 1 mile apart, or approximately a 3–5-minute drive, corroborating the CI's statement regarding the proximity between the storage unit and the supplier's apartment complex. *Id*. Agent Jehle further ran the license plate number through various license plate reading databases and scans for the thirty (30) days prior and confirmed that the vehicle had been in the area and at the apartment complex the CI described. Dkt. No. 52-1 at 4. Further, Agent Jehle confirmed with other OBN agents that multiple fentanyl investigations and arrests have occurred at that same apartment complex. *Id*. at 5.

In his Motion, Defendant asks for the suppression of all evidence obtained as a result of the September 19, 2024 search warrant, arguing that it was not properly supported by probable cause. Dkt. No. 52 at 1-2. Specifically, Defendant argues that the affidavit did not provide sufficient information to establish whether the CI was truthful and reliable, nor did the affidavit provide sufficient independent corroboration of the CI's information. *Id*. at 2. Defendant further argues that because this deficiency in the affidavit was apparent, law enforcement's reliance on

the warrant was unreasonable so that the good faith exception to the warrant requirement does not apply. *Id*.

## AUTHORITY AND ANALYSIS

### I. Request for Hearing

The Court first finds that a hearing on the Motion is not warranted. The Fourth Amendment requires a hearing on a motion to suppress only "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause." *United States v. Morgan*, 298 Fed. Appx. 709, 712 (10th Cir. 2008) (unpublished) (quoting *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)). Here Defendant does not argue that the affidavit contained false information, only that the affidavit did not contain sufficient information. Therefore, any request for a hearing on the Motion is denied.

### II. Sufficiency of the Affidavit

"To be constitutional, a search warrant must issue only upon probable cause." *United States v. Burns*, 624 F.2d 95, 99 (10th Cir. 1980). Probable cause "requires more than mere suspicion but less evidence than is necessary to convict." *Id*. To establish probable cause to justify a search, an affidavit in support of a search warrant "must contain facts sufficient to lead a prudent person to believe that a search would uncover contraband or evidence of criminal activity." *United States v. Danhauer*, 229 F.3d 1002, 1006 (10th Cir. 2000).

A magistrate judge issuing a search warrant must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 214 (1983). In making this determination, the magistrate judge "may draw

reasonable inferences from the material provided in the warrant application." *United States v. Rowland*, 145 F.3d 1194, 1205 (10th Cir. 1998). "A reviewing court should accord great deference to a magistrate's determination of probable cause." *United States v. Reed*, 195 F. App'x 815, 822 (10th Cir. 2006) (unpublished). The Court's duty is "simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Gates*, 462 U.S. at 238-39. Additionally, where the judge granting the warrant considered only a supporting affidavit in issuing a warrant, the reviewing court likewise determines the existence of probable cause for the warrant exclusively from the "four corners of the sworn affidavit." *See United States v. Knox*, 883 F.3d 1262, 1272 (10th Cir. 2018); *see also United States v. Beck*, 139 Fed. Appx. 950, 954 (10th Cir. 2005) (unpublished).

    a. **Confidential Informant**

The Court must apply a "totality of the circumstances" test to determine whether information from a confidential informant can establish probable cause. *United States v. Artez*, 389 F.3d 1106, 1111 (10th Cir. 2004) (citing *Gates*, 462 U.S. at 238). While "veracity, reliability, and basis of knowledge are all highly relevant in determining" the value of a confidential informant's report, "a deficiency in one [factor] may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." *Id*. (quoting *Gates*, 462 U.S. at 233). Specifically, "[w]hen there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." *Danhauer*, 229 F.3d at 1006. Information from a confidential informant is reliable where "the informant's statement is reasonably corroborated by other matters within the officer's knowledge." *United States v. Sadlowski*, 948 F.3d 1200, 1205 (10th Cir. 2020) (citing

4

*Jones v. United States*, 362 U.S. 257, 269 (1960) (overruled on other grounds by *United States v. Salvucci*, 448 U.S. 83, 95 (1980))).

The affidavit here clearly shows that the CI's information was corroborated by other information within Agent Jehle's knowledge. First, Agent Jehle confirmed the proximity between the storage unit and the apartment complex. Agent Jehle then confirmed, through various license plate reading databases and scans, that the vehicle described by the CI had been in the area and at the apartment complex in the thirty (30) days prior. Agent Jehle also confirmed through other OBN agents that multiple fentanyl investigations and arrests had been made in connection with that apartment complex. Finally, Agent Jehle noted that based on his training and experience, drug traffickers frequently concealed controlled substances in their places of residence, as well as storage buildings. Dkt. No. 52-1 at 3. Because there was sufficient independent corroboration of the CI's information, there is no need to establish the veracity of the CI. Further, the information is reliable because it is reasonably corroborated by other matters within Agent Jehle's knowledge.

Because the CI's information was corroborated independently, a showing of the CI's reliability or veracity is not needed. Based upon a totality of the circumstances and taking all the information in the affidavit as a whole, the Court finds that the information provided by the CI was sufficiently corroborated to support a finding of probable cause.

### b. Good Faith Exception

Under the good faith exception, even if a search warrant is not supported by probable cause, evidence need not be suppressed "if the executing officer acted with an objective good-faith belief that the warrant was properly issued by a neutral magistrate." *Danhauer*, 229 F.3d at 1006. Defendant argues that the good faith exception does not apply in this case. Dkt. No. 52 at 7-8.

Because the Court finds that the search warrant is supported by probable cause, however, the Court need not consider the good faith exception and the analysis ends here.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's sealed Opposed Motion to Suppress [Dkt. No. 52] is DENIED.

DATED this 24th day of December 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE